# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| STEPHANIE ETHIER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PETERBOROUGH RETIREMENT COMMUNITY AT UPLAND FARM, INC., D/B/A RIVERMEAD,<br><br>　　　　Defendant. | Docket No. 1:25-cv-181 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, on this date, Defendant Peterborough Retirement Community at Upland Farm, Inc., d/b/a Rivermead ("Defendant" or "Rivermead") has filed this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, in the office of the Clerk of the United States District Court for the District of New Hampshire. Removal is proper for the following reasons:

1. Rivermead is a defendant in a civil action pending in the Superior Court of the State of New Hampshire, Hillsborough County, entitled *Stephanie Ethier v. Peterborough Retirement Community at Upland Farm, Inc., d/b/a Rivermead* (the "Pending Action"). The Pending Action was commenced on or about April 22, 2025 and is designated as Docket No. 216-2025-CV-00402.

2. On April 5, 2022, by Charge of Discrimination dual filed with the New Hampshire Commission for Human Rights, Case No. EA(R) 0077-22, and the Equal Employment Opportunity Commission, EEOC No. 16D-2022-00092, and subsequent amended charge

filed on May 17, 2023, Plaintiff Stephanie Ethier ("Plaintiff") alleged that RiverMead discriminated against her based on age discrimination and retaliated against her in violation of the Age Discrimination in Employment Act of 1967 and N.H. RSA 354-A. A copy of the charges are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

3. On January 30, 2025, Nicole Lemelin, the Investigator, and Basra Mohamed, the Investigating Commissioner, found no probable cause regarding Plaintiff's discrimination claim, but found probable cause regarding Plaintiff's retaliation claim. Plaintiff has not requested a right to sue letter from the Commission, and the Commission has taken no action in the matter since issuing the Probable Cause finding.

4. Pursuant to NH RSA 354-A:21-a, a "party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial" at any time prior to commencement of a public hearing before the Commission.

5. In accordance with that statute, Defendant petitioned for removal. On April 22, 2025, the Superior Court docketed the filing of this matter. A copy of Defendant's Petition for Removal (dated April 22, 2025), Amended Petition for Removal (dated April 22, 2025), Notice of Appearance of Tara E. Lynch (dated April 22, 2025), Notice of Removal to Executive Director of the New Hampshire Commission for Human Rights (dated April 22, 2025), and Notice of Removal to Plaintiff (dated April 22, 2025), are attached as **Exhibit C**, **Exhibit D**, **Exhibit E**, **Exhibit F**, and **Exhibit G** respectively.

6. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days of April 22, 2025, the date of the Superior Court docketed the filing of this matter.

7. This case is a civil action that may be removed to this Court under diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).

8. Upon information and belief, Plaintiff is a resident of the State of Florida.

9. Defendant is a New Hampshire corporation with its principal place of business in New Hampshire.

10. Plaintiff does not specify the amount in controversy in any filing in Superior Court. Plaintiff's settlement demand, however, far exceeds the $75,000.00 threshold for diversity jurisdiction.

11. Accordingly, removal is appropriate under 28 U.S.C. § 1441 because this Court has diversity jurisdiction over Plaintiff's claims and all other prerequisites for removal of this case to this Court have been fulfilled.

12. The Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims of the Pending Action, pursuant to 28 U.S.C. § 1367(a), as they are so related to the federal law allegations that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, the facts applicable to all causes of action are the same and it would be efficient to have one court hear all counts.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be given promptly to Plaintiff's counsel. A copy of this Notice of Removal attached to the Notice of Filing of Notice of Removal, attached hereto as **Exhibit H**, will also be filed promptly with the Clerk of the Superior Court of the State of New Hampshire, Hillsborough County.

14. In accordance with Local Rule 81.1(c), Defendant will file with this Court attested copies of all records, proceedings, and docket entries in the state court within fourteen (14) days of the date of this Notice.

15. By filing this Notice, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defense and/or objections to which it may be entitled.

        Respectfully submitted,

        Peterborough Retirement Community at
        Upland Farm, Inc., d/b/a Rivermead

        By its attorneys,

        */s/ Tara E. Lynch*
        Tara E. Lynch, Esq. (NH Bar No. 268344)
        GORDON REES SCULLY MANSUKHANI, LLP
        409 Elm Street, Suite 4
        Manchester, NH 03101
        Tel: (857) 504-2022
        tlynch@grsm.com

Dated: May 13, 2025

**CERTIFICATE OF SERVICE**

      I, Tara E. Lynch, hereby certify that, on May 13, 2025, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system:

Michael H. Darling
Boynton Waldron Doleac Woodman & Scott, P.C.
82 Court Street
Portsmouth, NH 03801
mdarling@nhlawfirm.com

                                               */s/Tara E. Lynch*
                                               Tara E. Lynch